IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **SIMON IYORE GUOBADIA,**<br><br>   **Petitioner,**<br><br>v.<br><br>**UR MENDOZA JADDOU,** *Director of U.S. Citizenship and Immigration Services,* **and SHINEKA MILLER,** *Director of the USCIS Atlanta Field Office,*<br><br>   **Respondents.** | **CIVIL ACTION FILE**<br><br>**No. 1:23-CV-01078-SCJ** |

## ORDER

This matter appears before the Court on Respondents' (henceforth "U.S. Citizenship and Immigration Services" or "USCIS") Motion to Dismiss.[1] Doc. No. [7]. For the following reasons, the Court **GRANTS** USCIS's motion and **DISMISSES** Petitioner's case.

---

[1] All citations are to the electronic docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

I.    BACKGROUND

The case arises out of Petitioner's application for United States citizenship and naturalization. Doc. No. [1], ¶ 1. USCIS denied Petitioner's application on July 27, 2022. Doc. No. [1-4]. Petitioner requested a hearing on this decision and the denial was reaffirmed. Doc. No. [1-3]. The Court derives the following facts from Petitioner's complaint and its attachments.

Petitioner is a Nigerian citizen. Doc. No. [1], ¶ 2. Petitioner first entered the United States on August 11, 1982. Doc. No. [1-4], 2. He overstayed his visitor visa, however, and in 1985 INS denied his application for adjustment of status.[2] Id. He was declared deportable and voluntarily departed from the United States on December 28, 1985. Id. at 2–3.

He then reentered the United States in June 1986. Id. at 3. Petitioner again overstayed his 6-month visitor visa. Id. In September 1987, Petitioner was arrested for bank and credit card fraud and pleaded guilty to a felony offense. Id. He was arrested in January 1989 for unauthorized use of a vehicle and again in May 1990 for fraud. Id. Thereafter, the agency began removal proceedings. Id. In

---

[2] Petitioner's adjustment of status application in 1985 was based on his marriage, which the agency deemed a "sham" because of statements by his spouse that the two of them had not resided together and the marriage was never consummated. Doc. No. [1-4], 2.

2

January 1991, Petitioner committed another felony offense (credit card fraud). Id. at 4. In April 1991, an immigration judge held a hearing and ordered Petitioner be deported. Id. On March 4, 1992, Petitioner was deported and physically removed from the United States. Id.

Before his March 1992 removal, however, on October 24, 1988, Petitioner used a different identity to seek temporary resident status under the Special Agricultural Worker (SAW) program. Id. at 3. He also did not include his criminal history on his SAW application. Id. When his SAW application was approved (with these misrepresentations and omissions), he was given a registration card as a temporary resident on July 25, 1991. Id. at 4. As part of SAW immigration benefits, Petitioner's temporary resident status was automatically converted to permanent resident status following the waiting period. See 8 U.S.C. § 1160(a)(2). Petitioner received his permanent residency card on April 27, 1992—*i.e.*, 26-days after he had been deported under his other, undisclosed identity. Doc. No. [1-4], 4.

On December 22, 2016, Petitioner applied for naturalization under his second identity and was denied because his "temporary residence status was unlawfully granted." Id. On December 31, 2020, Petitioner filed another

3

application for naturalization. Id. at 1. Following an interview with Petitioner, USCIS again denied Petitioner's naturalization application. Id. at 4. USCIS explained that he was ineligible because he had not been "lawfully admitted for permanent residence[.]" Id. His temporary resident status—achieved through the SAW program and benefits—had been based on "[a] different identity" and "disqualifying criminal inadmissibility [ ] that was willfully concealed." Id.

On October 24, 2022, Petitioner requested a hearing on this decision and USCIS reaffirmed the denial of his naturalization application on November 15, 2022. Doc. No. [1-3], 1. On March 13, 2023, Petitioner filed the instant complaint in this Court and asked the Court to vacate the denial and remand with instructions to grant Petitioner's application.³ Doc. No. [1], 14.

---

³ Petitioner does not expressly request a hearing on the Court's *de novo* review in this case. Doc. No. [1], 14 (praying for "a *de novo* hearing on Petitioner's application for naturalization, *should the Court deem it necessary*[.]" (emphasis added)); see also 8 U.S.C. § 1421(c) ("[T]he [United States district] court shall . . . *at the request of the petitioner*, conduct a hearing *de novo* on the application." (emphasis added)). The Court does not find a hearing on this matter to be necessary given that no further factual development is needed and this matter can be fully resolved based on their arguments in the complaint and briefing on USCIS's motion to dismiss.

4

## II. LEGAL STANDARD

A respondent may move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court accepts the factual allegations made in the complaint as true and construes them in the light most favorable to the petitioner. Speaker v. U.S. Dep't. of Health & Human Servs. Ctrs. for Disease Control & Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010).

To state a plausible claim, a petitioner need only plead "factual content that allows the court to draw the reasonable inference that the [respondent] is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1282–83 (11th Cir. 2007) (quotations omitted).

"A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss[.]" Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016). If the complaint's allegations conflict with an attached exhibit, "the exhibit controls." Id. "[A] conclusory, general allegation in the complaint might not suffice in the face of specific, material, uncontroverted facts stated in

5

an exhibit." Healthier Choices Mgmt. Corp. v. Philip Morris USA, Inc., 65 F.4th 667, 673 (Fed. Cir. 2023) (discussing Griffin Indus., Inc. v. Irvin, 496 F.3d 1189 (11th Cir. 2007)).

**III.   ANALYSIS**

Petitioner's complaint asks this Court to vacate the USCIS's decision denying his naturalization application and remand with instructions to grant his application. Doc. No. [1], 14. USCIS moved to dismiss Petitioner's complaint because he has failed to assert a basis for the Court to grant his naturalization application. Doc. No. [7]. Briefing on USCIS's motion to dismiss is complete and thus, the Court must determine if Petitioner has stated a claim that his naturalization application should be granted based on the information in his complaint and its attachments.

As is relevant for Petitioner's case, for USCIS to grant a naturalization application, the applicant must be "lawfully admitted to the United States for permanent residence[.]" 8 U.S.C. § 1429. It is the applicant's burden of proof to show that his entry to the United States was lawful. Id. More specifically, the

applicant must have been a lawful permanent resident for at least five years,[4] reside in the United States continuously between his naturalization application and admission to citizenship, and be a "person of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the United States." 8 U.S.C. § 1427(a).

Here, USCIS denied Petitioner's application because he failed to show that he was a lawful permanent resident. Doc. Nos. [1-3]; [1-4]. Petitioner's permanent resident status arose from his application for SAW immigration benefits in 1992. Doc. No. [1], ¶¶ 16–18 (indicating that through the SAW program Petitioner first achieved temporary resident status, which was automatically converted to permanent resident status after the relevant waiting period); see also 8 U.S.C. § 1160(a)(2). The factual record [5], however, shows that Petitioner's SAW application had been based on a number of misrepresentations and concealments

---

[4] There are also specific requirements for an applicant's continuous physical presence in the United States during this 5-year period that do not appear to be at issue in Petitioner's case. 8 U.S.C. § 1427(a).

[5] The agency's factual record consists of government records and an interview conducted with Petitioner himself. See generally Doc. No. [1-4] (discussing government records and Petitioner's own statements). As indicated, USCIS's factual determinations regarding Petitioner's SAW application have not been challenged in Petitioner's instant complaint.

by Petitioner. Doc. No. [1-4], 3. Specifically, Petitioner (1) applied for SAW benefits under a different identity, (2) misrepresented his marital status, (3) improperly answered "no" to the question of whether he had any prior arrests or convictions, (4) incorrectly answered "no" to the question about whether there was any factual basis that made his inadmissible under 8 U.S.C. § 1182 (given his criminal history), and (5) misstated the date of his last entry into the United States. Doc. No. [1-4], 3. Review of Petitioner's application following request for a hearing reaffirmed this decision and its reasoning. Doc. No. [1-3], 2.

In this lawsuit requiring the Court's *de novo* review of USCIS's decision, Petitioner importantly does not dispute these factual findings. See generally Doc. Nos. [1]; [9]. He does not contend that either USCIS's account of his testimony or the government records were incorrect. Instead, Petitioner contends that USCIS "misrepresented the significance of [the] misrepresentations on Petitioner's [SAW application.]"). Doc. No. [9], 2. The Court treats the complaints allegations and its attachments—which include the USCIS decisions—accordingly.

Petitioner first argues that he should be granted naturalization because immigration services has not raised any concerns about Petitioner's permanent resident status for three decades. Id. at 4; see also id. at 6 ("Indeed, until the

Petitioner's naturalization application, no immigration official has contended that he was anything but a personally lawfully granted permanent resident status."). Petitioner then argues that he should not be made to "bear the burden of [the government's] mistakes." Id. at 6–7. He argues that the "appropriate remedy" for the issues regarding Petitioner's SAW application would have been to terminate his temporary residence status and he should not be denied naturalization now. See also Doc. No. [1], ¶ 39 ("INS had been afforded ample opportunity to revoke or terminate his temporary resident status, and having declined to do so, it lawfully admitted Petitioner to permanent resident status. The Service may not raise its own lack of action as a ground to deny Petitioner citizenship.").

The Court finds Petitioner's arguments to be unpersuasive. Preliminarily, the Court rejects the suggestion that USCIS is at fault for not discovering Petitioner's own misrepresentations and omissions. Petitioner in essence asks the Court to allow USCIS's previous treatment of his immigration status to ratify his unlawfully obtained permanent residency. The Court refuses to do so. To be sure, it is Petitioner who unquestionably holds the statutorily imposed burden of proof to show his eligibility for naturalization. 8 U.S.C. § 1429. The Court does not find

9

that this burden is carried merely based on the agency's erroneous treatment of Petitioner's status following his own misrepresentations and concealments.

Moreover, Petitioner lacks any legal support for his argument that as an "operation of law" he achieved lawful permanent resident status by the agency not previously having corrected his status—which, again, was only granted given his own misrepresentations and omissions. To the contrary, legal authority suggests that achieving permanent residence through an unlawful means is a basis for denying naturalization. See Kaila v. Att'y Gen. of U.S., No. 22-1553, 2023 WL 1793887, at *1–2 (3d Cir. Feb. 7, 2023) ("[A]n application for permanent residence containing material misinformation fails to conform to substantive legal requirements . . . [a] naturalization petition was denied properly because [the] application for permanent residence misrepresented [critical facts.]" (discussing Koszelnik v. Sec'y of Dep't of Homeland Sec., 828 F.3d 175, 180 (3d Cir. 2016))); cf. also United States v. Koziy, 728 F.2d 1314, 1318 (11th Cir. 1984) (affirming a district court's decision to revoke citizenship based on findings that the petitioner had not gained "[l]awful admittance to the United States," which was "a statutory condition precedent to naturalization" and that "if naturalization is procured by concealment of a material fact or by willful

10

misrepresentation, it must be revoked."). Thus, the Court rejects Petitioner's argument that he in fact is a lawful permanent resident based on his SAW application.

Petitioner also argues that statements in his SAW application—"whether fraudulent or not" (Doc. No. [1], ¶ 35)—cannot be used against him to deny immigration benefits because of statutory confidentiality protections afforded to SAW applications. Id. ¶ 31–35. The Court concludes that Petitioner's argument misses the mark. USCIS did not deny Petitioner's naturalization application based on protected information in his SAW application. USCIS denied his application based on its own investigation during Petitioner's naturalization application process. Not only does this investigation provide an independent source for this information (outside the SAW application itself), but federal regulations allow for using prior immigration records in the process of assessing a naturalization application. See e.g., 8 C.F.R. § 245a.3(n)(4) ("Information contained in granted legalization files may be used . . . [o]n a naturalization application submitted by the applicant[.]"); id. § 245a.21(d)(2) ("Information contained in granted files may be used by the Service at a later date to make a decision . . . [o]n a naturalization application submitted by the applicant[.]").

11

Hence USCIS's decision did not improperly implicate any confidential information protected under statute and the information contained in the SAW application can be used instantly to assess if Petitioner states a claim for naturalization.

Based on Petitioner's complaint and the attachments therein, the Court concludes that (a) Petitioner's permanent residency for purposes of his naturalization application depends on his permanent residency status achieved from his SAW benefits, (b) Petitioner achieved his SAW benefits through misrepresentations and omissions regarding his identity, criminal history, and other personal characteristics, and (c) thereby Petitioner's permanent residency status is not lawful for purposes of granting his application for naturalization. Without lawful permanent residency status, Petitioner's complaint fails to state a claim that he meets the eligibility requirements for naturalization.[6] See 8 U.S.C.

---

[6] The agency proceedings also denied Petitioner's naturalization application because he "returned to the United States unlawfully" following his March 1992 removal "without permission from the former INS." Doc. No. [1-4], 4. USCIS alternatively argues to this Court that Petitioner was ineligible for readmission to the United States in 1992 under 8 U.S.C. § 1182(a)(9) because he had been removed in the past 10-years. See Doc. Nos. [1-4]; [1-3]. The Court declines to address this alternative argument given Petitioner's failure to meet a prerequisite for naturalization (*i.e.*, lawful permanent residency) because of the misrepresentations and omissions in his SAW application.

12

§ 1429 ("[N]o person shall be naturalized unless he has been lawfully admitted to the United States for permanent residence[.]").

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** USCIS's motion to dismiss and **DISMISSES** Petitioner's case. Doc. No. [7].

**IT IS SO ORDERED** this \_\_11th\_\_ day of January, 2024.

_/s/ Steve C. Jones_
**HONORABLE STEVE C. JONES**
**UNITED STATES DISTRICT JUDGE**